

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1574 | **DATE** | 2/20/2004 |
| **CASE TITLE** | HOPE vs. VELASCO, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' Motion for Summary Judgment Against Plaintiff Hope (Doc. #16)

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants' Motion for Summary Judgment is GRANTED [#16]. Enter Memorandum Opinion and Order. All pending dates and motions are terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | FEB 23 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 23 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| JHC | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

**DOCKETED**

FEB 2 3 2004

EDGAR HOPE, )
)
　　Plaintiff, )
) Case No. 01 C 1574
v. )
) Judge William J. Hibbler
ERNESTO VELASCO, et al. )
)
　　Defendants. )

FEB 23 2004

## MEMORANDUM OPINION AND ORDER

Edgar Hope, an inmate currently incarcerated at Cook County Jail, filed this § 1983 complaint against Officers Davis and Perkins and Captain Turrise for assault, battery, and violation of his Eighth and Fourteenth Amendment rights; and against Director of the Cook County Department of Corrections, Ernesto Velasco, in his official capacity (collectively, "Defendants"), for failing to take steps to prevent such alleged beatings from occurring. Before this Court is Defendants' Motion for Summary Judgment, which is based on two grounds: (1) that Hope failed to exhaust his administrative remedies; and (2) that Defendants are protected by qualified immunity.

## I.　FACTS

At the time of the alleged § 1983 violation, Hope was an inmate at Cook County jail, and Defendants were employed by the Cook County Department of Corrections ("CCDOC") at that facility. Hope claims that Officer Perkins attacked him on March 7, 2000, without provocation, while Hope was on an hour long break outside of his cell, conversing with his attorney on the telephone. Hope further alleges that Officer Turrise and Captain Davis joined Officer Perkins in the

1

23

fight, beating, kicking and punching Hope multiple times while holding him down. Hope states that another inmate, Randall Jarrett, intervened on his behalf. Hope alleges that the officers inflicted multiple injuries for which he received medical care.

On approximately March 9 or 10, 2000, Hope and Jarrett filed a detainee grievance with the CCDOC, requesting an internal investigation and an investigation by the Federal Bureau of Investigation. The Cook County Sheriff's Department promptly complied with an internal investigation and found that "none of the officers or supervisors admitted abusing either of the two inmates in that they only used force which was necessary to restrain the inmates and place them in their cells." On April 5, 2000, after reviewing all documents and statements, the Sheriff's Department concluded that the allegations brought against the accused were unfounded. Hope states that the investigation was conducted to his satisfaction. Instead of appealing the results of the Sheriff's Department's investigation internally, Hope brought this complaint.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate when the pleadings, depositions, and other materials in the record show that there is no disputed issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Summary judgment may be granted when the record as a whole shows that a rational trier of fact could not find for the non-moving party. *Rogers v. City of Chi.*, 320 F.3d 748, 752 (7th Cir. 2003). The non-moving party must make a showing sufficient to establish any essential element for which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23. The Court considers the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in favor of that party. *Schneiker v. Fortis Ins. Co.*, 200 F.3d 1055, 1057 (7th Cir. 2000).

## III. EXHAUSTION

Defendants assert that Hope's claims should be dismissed because he failed to exhaust his administrative remedies before filing suit. Hope is required to exhaust all administrative remedies before filing suit in federal court under the Prison Litigation Reform Act of 1995 ("PLRA"). In relevant part, the PLRA provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

The Seventh Circuit has held that "to exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). The CCDOC's Detainee Grievance Procedures ("Grievance Procedures"), which include procedures for appeal, went into effect in 1997. The Grievance Procedures provide that detainees wishing to file a grievance shall fill out an Inmate Grievance Form and place it in the designated locked box within 15 days after the alleged grievance occurred. The grievance must be resolved within 30 days from the date the grievance was filed. If a detainee wishes to appeal the decision, he or she has five working days from receipt of the decision to appeal to the Administrator of Program Services or his designee. All appeal decisions are final. *Pozo*, 286 F.3d at 1025. It is uncontested that Hope filed a timely grievance with the CCDOC, that the CCDOC provided a timely response to Hope's grievance, and that Hope chose not to file an appeal. Defendants argue that this failure to file an appeal should result in a dismissal of Hope's complaint.

In response, Hope makes two arguments. First, Hope argues that because an appeal is optional under the Grievance Procedures – "if a detainee wishes to appeal," he was not required to

3

appeal in order to exhaust his administrative remedies. Hope misinterprets the permissive language contained in the Grievance Procedures. The use of the word "wishes" does not make the appeals process optional for those who wish to contest the results of the internal investigation; rather, it distinguishes those who wish to appeal and exhaust their remedies from those who are either satisfied with the CCDOC's response or choose not to pursue their claim. The Seventh Circuit has held that in order to exhaust administrative remedies for the purposes of complying with the PLRA, the aggrieved detainee must use *all* steps that the agency makes available, including the appeals process. *Pozo*, 286 F.3d at 1025 (emphasis added). *See also Dixon v. Page*, 291 F.3d 485, 489 (7th Cir. 2002) (where grievance procedure allowed prisoners to appeal, prisoner's failure to appeal denial of relief represented a failure to exhaust). Detainees cannot selectively participate in the grievance process; instead, they must use all available avenues of review in order to exhaust. *Pozo*, 286 F.3d at 1024. If detainees are not satisfied with the CCDOC's response to their grievance, they must appeal to the CCDOC before bringing their suit to federal court.

Second, Hope argues that because the CCDOC provided him with the relief that he sought – an internal investigation – he had no reason to appeal. In his grievance, Hope requested only an internal investigation of the events that led to his injuries. The CCDOC conducted the investigation and concluded that "the allegations . . . being brought against the accused [are] unfounded." In his affidavit, Hope stated that he was satisfied that this investigation had been conducted, and Hope argues that because the investigation was performed to his satisfaction, he had no reason to appeal the CCDOC decision at the time. However, Hope's argument that he need not appeal because he was satisfied "that the investigation was performed" is unavailing. The Supreme Court has held that under the PLRA, detainees cannot skirt the administrative review process by strategically structuring

4

the relief they seek. *Booth v. Churner*, 532 U.S. 731, 739 (2001) (stating that it is "highly implausible that [the PLRA] meant to give prisoners a strong inducement to skip the administrative process simply by limiting prayers of relief . . . not offered through administrative grievance mechanisms"). Because Hope is not satisfied with the conclusions of the internal investigation, he is required to appeal his grievance internally before bringing his claim to federal court.

Furthermore, Hope is not exempted from the exhaustion requirement even though he is only seeking money damages for his injuries. The Supreme Court has held that "[e]ven when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The results of prison grievance procedures might "affect the quantum of damages available in litigation." *Perez*, 182 F.3d at 538. Thus, "[a]n inmate seeking only money damages must complete a prison administrative process that could provide some sort of relief," even if not money. *Booth*, 532 U.S. at 734. "Some sort of relief" includes:

> In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might filter out some frivolous claims. And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

*Porter*, 534 U.S. at 525 (citing *Booth*, 532 U.S. at 737). In Hope's case, the CCDOC appeals process could have provided him with this sort of non-monetary relief. Had Hope filed an appeal and received no response or relief, then he could have demonstrated that there was no possibility for relief. *Dixon*, 291 F.3d at 491. Hope, however, has failed to demonstrate that the CCDOC lacked the authority "to provide any relief or to take any action whatsoever" in response to his appeal. *Booth*, 532 U.S. at 736.
5

In addition, Hope's lawsuit does not fall under a recognized exception to the exhaustion requirement. The Seventh Circuit has recognized an exception to the exhaustion requirement where: (1) the administrative board failed to respond to the prisoner's grievance, *Lewis v. Washington*, 300 F.3d 829 (7th Cir. 2002); and (2) no remedy is available through the administrative process, *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 537-38 (7th Cir. 1999). Hope, however, does not allege that the CCDOC failed to respond to his grievance or that a remedy or appeals process was unavailable, insufficient or faulty. He also does not claim that the grievance process was a sham used to thwart his good faith attempts to achieve full exhaustion. The Grievance Procedures, which Hope cites as evidence, indicate that the procedures became effective in 1997 and include a process for administrative appeals. In addition, Hope agrees with Defendants that the CCDOC complied with Hope's request for an investigation in a timely and appropriate manner. Therefore, Hope's lawsuit must be dismissed for failure to exhaust his administrative remedies.

## IV.    SCOPE OF DISMISSAL

"Dismissal for failure to exhaust is without prejudice and so does not bar the reinstatement of the suit *unless it is too late to exhaust.*" *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002) (emphasis added). Because 42 U.S.C. § 1997e(a) prohibits a prisoner from bringing suit without exhausting state remedies, if exhaustion is no longer possible then the suit is barred. *Robinson v. U.S.*, Nos. 02-1287, 03-2027, 2003 WL 22598335, at *5 (7th Cir. November 3, 2003). When the time limits of the internal grievance process have been surpassed, exhaustion becomes impossible. *Id. See also Glisson v. U.S. Forest Service*, 55 F.3d 1325, 1326 (7th Cir. 1995) (case dismissed with prejudice because it was too late for Glisson to cure problem that had caused the dismissal by exhausting those remedies since he failed to file a timely appeal to the Regional Forester). The

Seventh Circuit has held this defect is a procedural default which must be dismissed with prejudice. *Robinson*, 2003 WL 22598335, at *5. In this case, if Hope wanted to appeal the CCDOC's decision, he had five working days from receipt of the decision to appeal to the Administrator of Program Services or his designee. As Hope received the decision as to his initial grievance on April 5, 2000, he has far exceeded his time limit to appeal, and Hope cannot cure the defect in his case.

## V.    CONCLUSION

For the foregoing reasons, the Court need not reach Defendants' qualified immunity argument, and the Court GRANTS Defendants' Motion for Summary Judgment.

IT IS SO ORDERED.

2/20/04
Dated

The Honorable William J. Hibbler
United States District Court: